The judgment of the court (Preston, J., recusing himself, having been of counsel in the case), was pronounced by
Slidell, J.
The defendant is appellant from a judgment directing a peremptory mandamus to issue, commanding him to surrender to the plaintiff the office of recorder of the parish of Jefferson, the official books, &c.
*294 The material facts are as follows: Clarke was formerly recorder. At an election in November, 1849, Borgstede was returned as elected ; Clarke contested the election under the act of June 1, 1846, and it was declared null. Under the 6th section of that law the sheriff ordered an election to take place on the 28th January, 1850. At this election Borgstede again received a majority, and Clarke again instituted proceedings contesting the election ; but after issue joined they were discontinued on his own motion.
In his petition in this cause the plaintiff alleges his lawful commission from the governor, which he annexes to his petition, and proper qualification by taking the oath of office and giving bond. The^proceeding was in the nature of a call upon the defendant to show cause why a peremptory mandamus should not issue. The defendant in his answer alleged that the election was illegally held ; that it was not held at the time, nor at the places required by law, nor upon due notice.
By a bill of exceptions it appears, that “after the counsel for defendant had read the returns to the rule taken by the plaintiff, in which said return it is alleged, that the alleged election of plaintiff was illegal as to holding in time, place, and notice, said defendant moved the said rule be dismissed, unless traversed by the plaintiff by his filing an answer. The court decided that it was not necessary to traverse upon part of plaintiff. To which decision defendant excepted.
The argument of the defendant’s counsel before this court travels out of the bill of exceptions and discusses the question, whether, under article 842, the return or answer being, as he contends, sufficient, he had a right to have the complaint dismissed, and drive the plaintiff to an action for a false return, pursuant to the ancient practice at common law before the statute of Anne. This question is not covered by the bill; it is not, however, improper to observe, that if it were, a majority of the court is of opinion, that the plaintiff, under our practice, cannot be driven to the circuitous remedy of an action for false return. The question really presented by the bill is, whether the plaintiff' is bound to traverse the answer before the cause can be tided. We concur with the district judge that this was unnecessary. It is the familiar rule of our practice that a replication is unnecessary, and that the plaintiff is to be considered as denying any new matter set up by the defendant. This rule, applicable to ordinary cases, and which was intended to expedite the progress of the cause, is a fortiori proper in summary proceedings, which, in the language of the code, are carried on “ without going through the ordinary forms of actions.”
It further appears by the bill of exceptions, that after the point just noticed was ruled against him, the defendant asked a continuance, on the ground that his client was not prepared with the necessary proof in support of his allegations in the returns, which continuance the court refused. We think there was no error in this. The application was not supported by affidavit showing the necessity of a continuance.
This brings us to the consideration of the cause on the merits.
The argument for the defendant was mainly rested upon the alleged irregularity of the plaintiff’s election as to the time of holding it. The sheriff, after the former election was annulled, advertised on the 26th December an election to be holden on the 28th January ensuing. By the 6th section of the act of 1846, p. 117, the sheriff is directed in such a case to advertise an election to take place on the fourth IMonday after the last day of the term of court at which the trial has been had. And the question is, what is the term of the District Court *295 in the parish of J efferson to which we are to apply this provision of the statute ? Is it the entire session, “from the first Monday in November till the fourth day in July,” which is spoken in the act of 27th May, 1846, p. 56? or is the lawgiver to be considered as having contemplated in reference to the parish of Jefferson monthly terms? We think the latter the correct interpretation ; for in an act relative to the parish of Jefferson, passed at the same session of the Legislature, we find monthly terms expressly and l-epeatedly mentioned. Act of 1846, p. 111. This act bears date on the same day as the act respecting contested elections; (Ib. p. 116,) and as to time of preparation the former seems to have preceded the last mentioned act. It is proper also to observe, that the construction invoked by the defendant would lead to results which, we may believe, the Legislature would never deliberately have sanctioned. November is the month for holding elections; and if, for the purpose of the present question, the term of the District Court in Jefferson is considered as commencing in November and ending in July, then the public voice would be silenced, and the old incumbent would hold his seat until the ensuing July or August — a period of nine months. Moreover, the election would be thrown into a season of the year at which, in the usual course of things, the voting population of the parish is much reduced.
But on another point the case is clearly with the plaintiff. He contested the election under which the plaintiff claims, but abandoned the contest; and after that abandonment the governor issued a commission to the plaintiff. By the 13th section of the act of 1846, p. 13 8, it is enacted, thatthe governor shall not issue a commission until forly days after the day of the election for the parishes within one hundred and fifty miles of the seat of government. On the successful candidate furnishing to the governor a copy of the judgment of the court in his favor, duly certified by the clerk, dated after the last day of the term, the governor is required to issue immediately a commission to such successful party. And upon the certificate of the clerk, showing either that the contest has been abandoned, or the right to prosecute it lost by non-compliance with the provision of the act, the governor is directed to issue his commission in favor of the person in whose favor the certificate of election has been granted. Now it would be clearly a violation of the policy and spirit of this act, which was intended to put such questions at rest as promptly as possible, to permit the defendant still to frustrate, or to question the popular will, after he has once contested, has abandoned that contest, and the executive subsequent to that abandonment has issued a commission.
The judgment of the district court is therefore affirmed, with costs.